IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID BURNS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-333-P |
| | § | |
| SAIBABA ARLINGTON | § | |
| HOSPITALITY LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**I.   STATEMENT OF THE CASE**

Pending before the Court is Defendants' Motion to Enforce ("Defendants' Motion") [doc. 26] and Plaintiffs' Motion for Leave to Amend ("Plaintiffs' Motion") [doc. 31]. As explained in these findings, conclusions, and recommendation, the District Court should **GRANT** Defendants' Motion and **DISMISS** Plaintiffs' Motion as moot.

On April 3, 2023, Plaintiffs filed this case alleging various causes of action against Defendants [doc. 1]. On July 24, 2023, Plaintiffs and Defendants executed a settlement agreement in which Plaintiffs and their associates, representatives, or any other person or entity that could act on their behalf agreed to release their claims against the named Defendants and other specified and unspecified parties. (Defendants' Motion to Enforce ("Defs.' Mot."), Exhibit A). The funds

specified in the settlement agreement were paid by Defendants to Plaintiffs on July 28, 2023. (Defs.' Mot. at 2). The settlement agreement further provides that within five days of receiving payment, Plaintiffs must file a stipulation of dismissal and dismiss all claims with prejudice. (Def.s' Mot., Exhibit A ¶ 7). Because payment was made by Defendants and Plaintiffs sent a written confirmation of receipt to Defendants on July 28, 2023, Plaintiffs were bound to file the stipulation and to dismiss this case on or before August 2, 2023. Plaintiffs, however, took no action in the case.

Because Plaintiffs failed to fulfill their obligations by the required date, Defendants reached out to Plaintiffs on August 3, 2023, reminded them of their obligations, the deadline, and the provision that makes the breaching party liable for any reasonable attorney's fees incurred by the non-breaching party if they are forced to seek judicial enforcement of the agreement. (Defs.' Mot. at 2; Plaintiffs' Response at 1 [doc. 28]). Plaintiffs responded to the email and represented to Defendants that they had been ill and that they would file the stipulation. (Defs.' Mot. at 3; Plaintiffs' Response at 1 [doc. 28]). Plaintiffs further indicated, in their email response, that they would not send the stipulation to Defendants to be signed, as required, and that they would be amending their complaint to add additional parties and claims. (Defs.' Mot. at 3). As a result of Plaintiffs' refusal to comply with the terms of the settlement agreement, Defendants filed this Motion asking the Court to enforce the terms of the settlement agreement, to dismiss Plaintiffs' claims, and for the attorney's fees required to file this Motion. (Def.s' Mot. at 4). Subsequently, Plaintiffs filed their Motion [doc. 31] seeking leave to amend their complaint. The Court will evaluate each in turn.

## II.   LEGAL STANDARD AND ANALYSIS

"A district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *BCC Merchant Sols., Inc. v. Jetpay, LLC*, No. 3:12-cv-5185-B, 2016 WL 4944371, at *3 (N.D. Tex. Sept. 16, 2016) (Boyle, J.) (internal quotation marks omitted) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). To determine the validity of a settlement agreement, a federal court sitting in diversity applies the law of the forum state. *Id.* (citations omitted). Because Texas law applies in this case, Rule 11 of the Texas Rules of Civil Procedure controls this settlement agreement. *Id.* (citations omitted).[1] Rule 11 requires that an agreement be either: (1) in writing, signed, and filed with the papers of the court; or (2) made in open court and entered of record. *Id.* (citing Tex. R. Civ. P. 11). In addition to meeting the Rule 11 requirements, "to be enforceable the agreement must contain all of the material terms and be sufficiently definite to enable the court to understand the parties' obligations." *Id.* (citations omitted). In construing settlement agreements, courts must attempt to "ascertain and give effect to the parties' intentions as expressed in the document." *Frost Nat'l Bank v. L&F Distribs., Ltd.*, 165 S.W.3d 310, 311–12 (Tex. 2005). Ultimately, "the decision whether to grant a motion to enforce a settlement agreement is committed to the discretion of the district court." *Weaver v. World Fin. Corp.*, No. 3:09-cv-1124-G, 2010 WL 1904561, at *2 (N.D. Tex. May 12, 2010) (Fish, J.) (citing *Deville v. United States*, 202 F. App'x 761, 762 (5th Cir. Jan. 12, 1998) (per curiam)).

### A. <u>Defendants' Motion</u>

As discussed above, Defendants seek to enforce the settlement agreement, to have Plaintiffs' claims dismissed, and to be paid the attorney's fees required to file this Motion. In this case, there is a written and executed settlement agreement, signed by both parties, that articulates

---

[1] In addition to Texas being the forum state, the parties explicitly stipulated that Texas law would apply to any dispute over the settlement agreement. (Defs.'s Mot., Exhibit A ¶ 12).

the material terms of the agreement. (Defs.' Mot., Exhibit A). The terms contained therein are sufficiently definite to enable the Court to understand each parties' obligations. The terms designated full and final release, confidentiality, full indemnification, the amount to be paid as settlement, attorney's fees for enforcement of the agreement, and other relevant provisions. *Id.* Furthermore, Defendants paid Plaintiffs, and Plaintiffs acknowledged, in writing, receipt of the payment on July 28, 2023. (Defs.' Mot. at 2). Further, in their August 7th response, Plaintiffs acknowledged the settlement agreement and promised, to the Court, that they would file the "necessary documents" later that same day. (Plaintiffs' Response at 1 [doc. 28]). Despite this promise, the only thing Plaintiffs have filed with the Court is Plaintiffs' Motion [doc. 31]. In their response, Plaintiffs did not raise any objections to the existence, validity, or enforceability of the settlement agreement. (*See generally* Plaintiffs' Response [doc. 28]). Therefore, the Court finds that the settlement agreement comports with Rule 11 of the Texas Rules of Civil Procedure, is enforceable, and Plaintiffs are bound by it. Accordingly, the District Court should **GRANT** Defendants' Motion to enforce the settlement agreement, dismiss Plaintiffs' action with prejudice, and award $2,600 in attorney's fees to Defendants for the filing of their Motion.

B. **Plaintiffs' Motion**

In their Motion, Plaintiffs seek leave to amend their complaint to add four parties, and claims against them, to this lawsuit. (Plaintiffs' Motion ("Pls.' Mot.") at 1). Plaintiffs assert that they ascertained these four parties through the discovery process. (Pls.' Mot. at 4).[2] Because, as

---

[2] The Court notes that these parties are identified, explicitly and implicitly, in the "Persons Being Released" provision of the settlement agreement. (Defs.' Mot., Exhibit A ¶ 3).

discussed above, Defendants' Motion should be granted and the case dismissed, this Motion should be **DENIED** as moot.[3]

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendants' Motion to Enforce [doc. 26] be **GRANTED** and Plaintiffs' Motion for leave to Amend [doc. 31] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[3] Even if Plaintiffs' Motion was not moot, it should be denied because, as discussed above, the settlement agreement is valid and enforceable, and Plaintiffs cannot now bring claims against parties whom they explicitly released their claims against.

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **August 31, 2023**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket for the United States District Judge.

SIGNED August 17, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE