UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DAVID BURNS, ET AL.,**

   Plaintiffs,

v.                                                No. 4:23-cv-00333-P

**SAIBABA ARLINGTON HOSPITALITY LLC,**
**ET AL.,**

   Defendants.

## ORDER

The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR"), recommending this Court grant Defendants' Motion to Enforce and deny Plaintiffs' Motion for Leave to File an amended complaint as moot. ECF No. 32. After reviewing the FCR *de novo*, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 32) and **OVERRULES** Plaintiff's Objections (ECF No. 33).

## BACKGROUND

The facts in this case are largely undisputed. In April 2023, Plaintiffs filed this case alleging various causes of action against the Defendants. A settlement agreement was executed in July 2023 to which Defendants sent monies and Plaintiffs agreed to release claims against the named defendants and other specified and unspecified parties. Per the uncontested Settlement Agreement, Plaintiffs had five days within receipt of payment to file a stipulation of dismissal and to dismiss all claims with prejudice. They did not do so. Once contacted by the Defendants, Plaintiffs not only attested they would not be sending a stipulation, but that they would be amending their complaint to add additional parties and claims. Defendants then filed a Motion to Enforce. Plaintiffs subsequently filed their Motion for Leave to File an amended complaint. The Magistrate Judge issued an FCR regarding

both motions.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

## ANALYSIS

### A. The Magistrate Judge's Recommendation

The Court adopts and accepts the reasoning in the Magistrate Judge's FCR. The Court now reviews Plaintiffs' objections.

### B. Plaintiff's Objections

Plaintiffs do not object to any of the Magistrate Judge's specific findings, but rather that the grounds on which the Magistrate Judge reached his conclusions are incorrect. *See generally* ECF No. 33. Plaintiffs argue that Defendants allegedly breached the Settlement Agreement by submitting the agreement to the Court in efforts to enforce it. *Id.* at 3. This breach would then, under operation of law, cause the Motion to Enforce to be denied. *Id.* Plaintiffs further ask that their Motion to Leave to be granted. *Id.* Plaintiffs also object to the awarding of legal fees to Defendants. *Id.* The Court takes each of these in turn, beginning with first addressing whether the settlement agreement was breached.

1. <u>Defendants Did Not Breach the Settlement Agreement</u>

As noted above, Plaintiffs allege that the Defendants breached the undisputed, executed settlement agreement between the two Parties when they disclosed the Settlement Agreement to the Court in their Motion to Enforce (ECF No. 26). *See* ECF No. 33 at 3. In their argument, Plaintiffs say that Defendants could have either filed the motion under seal or asked for an in-camera review of the Settlement Agreement with the Court. *Id.*

Turning to the Settlement Agreement, it is clear that Defendants have the right to disclose the settlement agreement to "respective

officers, attorneys, accountants, other professionals consulted in a professional capacity, licensors, or to a successor-in-interest—all of whom shall be bound by the terms of this paragraph—as needed, or as otherwise required by law *or a Court of a competent jurisdiction, or in order to enforce the terms of this Agreement*. ECF No. 26-1 at 5. (emphasis added). Considering Defendants attached the Settlement Agreement alongside their Motion to Enforce the Settlement that was filed to this Court, Defendants have complied with this section of the Settlement Agreement. *See id.*

Further, it is established by the Choice of Law clause in the Settlement Agreement that Texas state law governs the Agreement. *See* ECF No. 26-1 at 4. Texas Rule of Civil Procedure 11 governs this issue. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 266 (5th Cir. 1995) (courts apply Texas law to the enforcement of settlement agreements in Texas diversity cases and it is undisputed that Texas Rule of Civil Procedure 11 controls). Texas Rule of Civil Procedure 11 states "no agreement between attorneys or parties touching any suit pending will be *enforced* unless it be in writing, signed and *filed with the papers as part of the record, or unless it be made in open court and entered of record.*" (emphasis added). Once again, Defendants have complied with this Rule in attaching the settlement to their Motion to Enforce and have in no way breached the Settlement Agreement.

Since, under both the letter of the law and the letters in the Settlement Agreement, Defendants were not in breach by disclosing the Settlement Agreement to this court in conjunction with their Motion to Enforce, Plaintiffs are therefore bound by the words of the valid Settlement Agreement. This moots any amendments to the complaint that Plaintiffs wish to add. Therefore, Plaintiffs' Motion is hereby **DENIED**[1].

---

[1] Even if not denied as moot, Plaintiffs' Motion would be denied as Plaintiffs cannot bring claims against parties who they released in the Settlement Agreement. The Settlement Agreement states that Defendants, Defendants' principals and agents, insurers, and brand licensor would all be released of claims. *See* ECF No. 26-1 at 3.

3

2. <u>Defendants are Entitled to Attorney's Fees</u>

Plaintiffs also object to the awarding of any legal fees to Defendants. *See* ECF No. 33 at 3.

Turning once again to the Settlement Agreement, the language of the Agreement states that if "one of the parties has to bring litigation to enforce, construe, or pursue its rights under this Agreement, if such party is successful such party shall be entitled to recover its attorney's fees, court costs, expenses, and pre-petition and post-petition interest at the prevailing rate." ECF No. 26-1 at 7. Since Defendants had to file a Motion to Enforce and this Court is granting the Motion, Defendants are entitled to attorney's fees. In their Motion to Enforce, Defendants demonstrate they have spent 5.2 hours working related to this current posture at a rate of $500.00/hr., totaling $2,600. *See* ECF No. 26 at 5. In their response to Plaintiffs' Objections, adding in the time spent reviewing the Magistrate Judge's Order and preparing a response to Plaintiffs' Objections, the total hours has reached sixteen at the same rate of $500/hr., totaling $8,000. The Court believes these numbers are reasonable. Accordingly, Plaintiffs' objection to the awarding of attorney's fees is **OVERRULED** and Defendants are awarded attorney's fees totaling $8,000.

## CONCLUSION

After reviewing the FCR *de novo*, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 32) and **OVERRULES** Plaintiffs' Objections (ECF No. 33). The Court also **AWARDS** Defendants attorney's fees totaling $8,000. Plaintiff's claims are thus **DISMISSED with prejudice**.

**SO ORDERED** on this **31st day of October 2023.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE